

FILED
CLERK, U.S. DISTRICT COURT
AUG 23 2022
CENTRAL DISTRICT OF CALIFORNIA
BY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RUSSELL DWAYNE LEWIS,

    Defendant.

Case No. 22-MJ-3328

ORDER OF DETENTION

I.

On August 23, 2022, Defendant made his initial appearance in this district – by consent to video teleconference - on the criminal complaint filed in the Southern District of New York.[1] Deputy Federal Public Defender Nadine Hettle was appointed to represent Defendant. The government was represented by Assistant United States Attorney Sarah Lee. A detention hearing was held.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the

---

[1] The Court granted the government's request to unseal the complaint.

history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing including the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Repeated and lonstanding use of various aliases

☒ Use of names, and identifying information belonging to others to obtain credit cards, a U.S. Passport, and a Mexican identification card

☒ Background information is partially verified

☒ Insufficient bail resources and lack of information regarding viability of proposed surety

☒ lack of condor regarding address at the time of arrest – Defendant provided an address in Texas but informed Pretrial Services that he was living in Beverly Hills and had been living in the Los Angeles area since 2008.

As to danger to the community:

☒ Allegations in the criminal complaint include obtaining funds from individual victims through fraudulent and false representations. According to the complaint, defendant obtained more than $3.5 million from victims through his fraudulent scheme.

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial and be transported to the United States District Court for the Southern District of New York for further proceedings  The Court directed both government counsel

2

<u>and defendant's counsel to follow up with government counsel in the charging district regarding Defendant's transportation to, and arrival in, the charging district for his next appearance.</u>

The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: August 23, 2022

/s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE